UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELANIE MORSE o/b/o A.K. MORSE, a minor child,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-10-107-CI<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment (ECF No. 12, 16.) Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Willy M. Le represents Defendant. The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

An application for Social Security Income ("SSI") benefits on behalf of a minor child was protectively filed on March 24, 2005, alleging disability began March 1, 2001. (Tr. 64.) Benefits were denied initially and on reconsideration. (Tr. 53, 58.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Hayward C. Reed on June 21, 2007. (Tr. 945-97.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 974-85.) Plaintiff's mother, Melanie C. Morse, and the medical

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

expert, Margaret Moore, Ph.D., testified at the hearing. (Tr. 986-94.) The ALJ denied benefits (Tr. 33-49) and the Appeals Council denied review. (Tr. 6.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).[1]

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, and record and will, therefore, only be summarized here.

Plaintiff was born on September 11, 1996, and had just completed the fourth grade at the time of the hearing. (Tr. 949, 984.) Plaintiff's mother testified that Plaintiff has psychotic episodes, depression, anxiety and anger issues. (Tr. 986.) Plaintiff has been violent in the home and destroys her property and property of others. (Tr. 988.) Plaintiff's mother said Plaintiff sometimes refuses medication and without medication she is "almost intolerable." (Tr. 988.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination

---

[1]The record in this matter contains several hundred pages of records submitted to the Appeals Council but not reviewed by the ALJ. (Tr. 612-942.) These records primarily involve the period after the ALJ's decision. Plaintiff reports a later application for benefits was granted and, therefore, Plaintiff does not seek consideration of records which were not before the ALJ. (ECF No. 14 at 9.) Accordingly, the court will not discuss the records which were not available to the ALJ.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of*

*Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, a child under the age of eighteen is considered disabled for the purposes of SSI if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382(c(a)(3)(C)(i)(2003).

The regulations provide a three-step process in determining whether a child is disabled.  First, the ALJ must determine whether the child is engaged in substantial gainful activity.  20 C.F.R. § 416.924(b).  If the child is not engaged in substantial gainful activity, then the analysis proceeds to step two.  Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe.  20 C.F.R. § 416.924(c).  The child will not be found to have a severe impairment if it constitutes a "slight abnormality or combination of slight abnormalities that cause no more than minimal functional limitations."  *Id.*  If, however, there is a finding of severe impairment, the analysis proceeds to the final step, which requires the ALJ to determine whether the impairment or combination of impairments "meet, medically equal or functionally

equal" the severity of a set of criteria for an impairment in the listings.  20 C.F.R. § 416.924(d).

The regulations provide that an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas of functioning.  20 C.F.R. § 416.926a(a).  To determine functional equivalence, the following six domains, or broad areas of functioning, are considered: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being.  20 C.F.R. § 416.926a.

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision.  (Tr. 36.)  At step two, the ALJ found Plaintiff has the following severe impairments: anxiety not otherwise specified and parent/child issues.  (Tr. 36.)  At the third step, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in  20 C.F.R. Part 404, Subpt. P, App. 1.  (Tr. 41.)  The ALJ also found Plaintiff does not have an impairment or combination of impairments that functionally equals the listings.  (Tr. 41.)  The ALJ found Plaintiff has no impairment or less than marked impairments in all six domains.  (Tr. 44-48.)  As a result, the ALJ concluded Plaintiff has not been disabled, as defined in the Social Security Act, since the date the application was filed.  (Tr. 48.)

**ISSUES**

The question is whether the ALJ's decision is supported by

substantial evidence and free of legal error. Plaintiff alleges the ALJ erred by improperly assessing the severity of her impairments and finding her not disabled. (ECF No. 14 at 12-17.) Defendant argues the evidence supports the ALJ's findings regarding the severity of her impairments. (ECF No. 17 at 5-11.)

**DISCUSSION**

Plaintiff argues the ALJ improperly assessed no impairment or a less than marked impairment in three domains: the domain of caring for yourself, the domain of interacting and relating with others, and the domain of health and physical well being. (ECF No. 14 at 12-17.) Plaintiff alleges the ALJ and the medical expert demonstrated a lack of understanding of the Social Security regulations when assessing those domains. (ECF No. 14 at 12-13.)

**1.   Domain of Caring for Yourself**

Plaintiff argues the evidence supports a marked limitation in the domain of caring for yourself. (ECF No. 14 at 14-15.) The domain of caring for yourself involves consideration of how well a claimant maintains a healthy emotional and physical state. 20 C.F.R. § 416.926a(k). This includes consideration of how well the claimant is able to get her physical and emotional wants and needs met in appropriate ways; how the claimant copes with stress and changes in her environment; and whether the claimant takes care of her own health, possessions, and living area. 20 C.F.R. § 416.926a(k). The regulations detail a number of other considerations in assessing the ability to care for self, including in part the ability to help yourself and cooperate with others in taking care of physical needs; exercising independence and competence to meet physical needs; the ability to employ age-appropriate coping strategies to regulate

feelings, thoughts, urges and intentions; and taking care of your own health, including medication, and making safe decisions and acting safely.   20 C.F.R. § 416.926a(k).

The ALJ identified a less than marked limitation in Plaintiff's ability to care for herself.  (Tr. 48.)  The ALJ cited the testimony of the medical expert and the opinions of Plaintiff's teachers in support of his assessment.  (Tr. 48.)  Plaintiff argues the evidence supports a marked limitation in this domain when Plaintiff's emotional difficulties are assessed.  (ECF No. 14 at 15.)  In support, Plaintiff cites counseling program treatment notes and school records documenting Plaintiff's absences from school affected her academic progress.  (ECF No. 14 at 15.)

The record contains two teacher questionnaire forms completed by Plaintiff's teachers in May 2005 and June 2007.  (Tr. 141-49, 237-44.) The teachers assessed Plaintiff's functioning by considering specific abilities in each of the six domains.  In the domain of caring for self, both teachers considered Plaintiff's ability to:  handle frustration appropriately, be patient when necessary, take care of personal hygiene, care for physical needs, cooperate in or be responsible for taking medications, use good judgment regarding personal safety, identify and properly assert emotional needs; respond properly to changes in own mood; use proper coping skills to meet daily demands of school environment; and know when to ask for help. (Tr. 146, 242.) The teachers assessed no limitations in these categories and indicated they had observed no problems in the domain of caring for yourself.  (Tr. 146, 242.)

The medical expert, Dr. Moore, discussed that some of the kinds of issues covered in the domain of caring for yourself include

hygiene, self care, brushing teeth, combing hair, clean clothes, looking out for traffic and avoiding danger. (Tr. 959.) Indeed, the domain of caring for yourself involves the emotional ability to engage in self-care activities, such as feeding, dressing, toileting, and maintaining hygiene and physical health. S.S.R. 09-7p. The domain of caring for self also involves the emotional ability to self-regulate behavior. S.S.R. 09-7p. Dr. Moore testified that there is not a lot of evidence in the record upon which to base an opinion. (Tr. 959-60.) She noted the school did not identify a problem in this domain and, although there are a few references to uncombed hair in the record, opined there is no evidence of a major limitation. (Tr. 960.) Dr. Moore noted there may have been a suggestion of self-injury in a record she was not able to review, but she had seen no evidence of self-injury in the record before her.[2] (Tr. 960.)

Plaintiff argues evidence she had suicidal thoughts justifies a marked limitation in the domain of caring for yourself. (ECF No. 14

---

[2] Dr. Moore's testimony references Exhibit 13E, an emergency room record dated November 15, 2006. The emergency room physician indicated, "The child gives a varying story of either stabbing herself in the leg or accidentally cutting herself, then she says she dropped the scissors on her leg, in either case she does have about a 3.5-cm laceration to the right anterior thigh." (Tr. 598.) A November 20, 2006, progress note by Plaintiff's mental health counselor indicates Plaintiff explained she accidentally dropped the scissors on her leg. (Tr. 552.) The counselor's note was part of the record before Dr. Moore, but the emergency room report was presented at the hearing at which Dr. Moore appeared telephonically. (Tr. 947-48.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

at 15.)  The regulations and agency rulings indicate that self-injury or suicidal gestures are examples of limitations in the domain of caring for self.  20 C.F.R. § 416.926a(k)(3)(iv); S.S.R. 09-7p. However, the regulations and rulings specifically indicate that such behaviors do not necessarily constitute a "marked" or "extreme" limitation.  *Id.*  In January 2004, Plaintiff's mother reported Plaintiff made suicidal statements such as she "wishes she were dead" and "I should just kill myself." (Tr. 261, 322.)  Plaintiff indicated she had thoughts of killing herself a long time ago when she was mad, but never tried anything.  (Tr. 267.)  In March 2005, Plaintiff's mother reported Plaintiff had placed a string or rope around her own neck.  (Tr. 346.)  Plaintiff responded that she did not really want to hurt herself, she just wanted to get her mother's attention.  (Tr. 346.)  Plaintiff also told her psychologist, Dr. Mulvihill, that she one time felt that she did not want to live, but that was a long time ago.  (Tr. 281.)  Plaintiff consistently denied suicidal intent and made no suicidal statements during treatment at a behavior intervention counseling program in 2004.  (Tr. 267, 269, 271, 273, 322.)

 Although Plaintiff admits to some suicidal statements, they are not necessarily indicative of a marked limitation in the domain of caring for self.  A marked limitation is a limitation that interferes seriously with the ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(2)(i).  Reports of Plaintiff's suicidal thoughts correspond to periods when Plaintiff was not taking medication.  Plaintiff's mother reported improved behavior in March 2004 after starting Prozac.  (Tr. 274, 334.)  In March 2005, Dr. Mulvihill noted that Plaintiff had a history of starting and

stopping treatment and restarted Prozac. (Tr. 280.) By April 2005, Dr. Mulvihill noted medications had been very helpful and Plaintiff's rages had discontinued almost totally. (Tr. 495.) Furthermore, Plaintiff denied intent to harm herself and referenced a thought of suicide as "a long time ago." (Tr. 346.) She also admitted suggesting suicide to get attention from her mother. (Tr. 267.) These facts all suggest a limitation, but not necessarily a serious interference with Plaintiff's abilities or a marked limitation.

Plaintiff also argues Plaintiff's significant absences from school indicate a marked limitation in the domain of caring for yourself. (ECF No. 14 at 15.) However, Dr. Moore opined that Plaintiff's failure to attend at school is the parent's responsibility until the child is older. (Tr. 959.) The ALJ was persuaded by the evidence that Plaintiff is non-compliant in attending school not because of her mental impairment, but because her parents were not responsible in making sure she attended school. (Tr. 43, 194-95, 245.) This is a reasonable interpretation of the evidence. There may be situations where failure to attend school may suggest a limitation in the domain of caring for self, but this is not one of them.

Both Dr. Moore and the ALJ acknowledged some limitation in the domain of caring for self, but less than a marked limitation. (Tr. 48, 960.) Dr. Moore stated that she gave Plaintiff the benefit of the doubt in assessing a less than marked limitation. (Tr. 960.) While comments from a child about suicide are no doubt disturbing, the regulations indicate no particular factor automatically constitutes a marked limitation. Plaintiff's comments about suicide are not a marked limitation as a matter of law, and in the context of her treatment and based on her own statements, a finding of a less than

marked limitation is reasonable.  Although Plaintiff raises her absences from school as another basis for a marked limitation in this domain, her arguments do not address the valid reasons noted by the ALJ in discussing responsibility for those absences.  Substantial evidence supports the ALJ's finding in the domain of caring for self.

**2.   Domain of Health and Physical Well Being**

Plaintiff argues the evidence supports a marked limitation in the domain of health and physical well being.  (ECF No. 14 at 15-16.) Plaintiff also argues the ALJ and the medical expert failed to consider the proper factors under the regulations.  (ECF No. 14 at 15.)   The domain of health and physical well being involves consideration of the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on functioning.  20 C.F.R. § 416.926a(l).  The physical effects of a physical or mental disorder or the physical effects of  medication or treatment are considered.  *Id.*  Both chronic and episodic effects of a condition on functioning are considered.  *Id.*  S.S.R. 09-8p describes this domain as addressing how such things as recurrent illness, the side effects of medication, and the need for ongoing treatment affect a child's body.

The ALJ assessed no limitation in the domain of health and physical well being. (Tr. 48.)  The ALJ noted Plaintiff is physically healthy and has no problems or limitations in this area.  (Tr. 48.) The ALJ also observed that Plaintiff's attorney indicated she was not pursuing any physical impairment in this case.  (Tr. 48, 996.)  Dr. Moore noted that she is a psychologist, not a physician, but that she did not see significant issues in the record regarding Plaintiff's health.  (Tr. 960.)  Dr. Moore noted that physical conditions are

addressed under the domain of health and physical well being. (Tr. 960.) Plaintiff argues, "It is clear that neither the medical expert, nor the ALJ applied the law to the evidence presented of the nature and extent of Plaintiff's physical illness," but Plaintiff fails to identify how the ALJ or Dr. Moore erred in this regard. (ECF No. 14 at 16.) Plaintiff points to no specific physical effect of her mental condition, and none is noted on review of the record.

Plaintiff mentions generally her involvement in therapy, her involvement with the police and the records from her school district. (ECF No. 14 at 16.) None of the evidence cited by Plaintiff compares favorably to examples of impairments in the domain of health and physical well-being. 20 C.F.R. § 416.926a(4). S.S.R. 09-8p lists examples of limitations in the domain of health and physical well being such as generalized symptoms caused by an impairment, somatic complaints, chronic medication side effects, frequent treatment or therapy, or periodic exacerbations. While these are not the only limitations in the domain, they suggest a physical manifestation of a physical or mental condition is a necessary basis of a limitation in this domain. On their face, involvement with the police, counseling, and school district records do not suggest a physical effect caused by Plaintiff's mental condition.

Even if these categories of evidence cited by Plaintiff could properly support limitations in the domain of health and physical well being, the evidence in this case does not support such limitations. Plaintiff's mother testified that it had been a couple of years since she called the police regarding Plaintiff. (Tr. 989.) The police were called for an assault in April 2005 and a miscellaneous report

was made.[3] (Tr. 252-54.) Medical records indicate Plaintiff had not been taking medication which had been helpful in the past and the emergency room physician noted "a concern was that there was more of a problem in family dynamics." (Tr. 282, 302.) In December 2005, medics were called but no report was filed. (Tr. 252-54.) Medical records reflect that Plaintiff had not been taking her medication around that time, had missed numerous appointments with her therapists, and her behavior had deteriorated. (Tr. 43, 306, 500.) After Plaintiff was brought to the emergency room by the police in July 2007, it was reported to Dr. Heid, an examining psychologist, that "police had visited the house on several occasions." (Tr. 606.) However, the ALJ noted that is not consistent with record. (Tr. 43, 252.) Nonetheless, this evidence of two episodes of police involvement between 2005 and 2007 does not constitute evidence of a physical effect of Plaintiff's mental condition as contemplated by the regulations, and it is not substantial evidence of a marked limitation in the area of health and physical well being.

Similarly, Plaintiff's general citation to therapy and school

---

[3]It is noted that no police reports are part of the record. A list of calls for assistance with codes indicating disposition is part of the record, but no details about the police or medical contact are present. (Tr. 252-54.) It is impossible to determine from the record who was involved or the exact nature of each incident. The call list includes eleven other calls for assistance between August 2001 and September 2004, but based on the medical record, none of the other calls appear to be relevant to this matter.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

records is not evidence of a marked limitations in this domain. Plaintiff seems to suggest the type and frequency of counseling or therapy reflects physical effects of Plaintiff's mental condition. However, Dr. Moore testified that Plaintiff was receiving a lower level of service once her counselor started visiting her at school, indicating Plaintiff probably did not need to have therapy on a regular basis but needed some kind of continuous supportive and appropriate interaction with an adult outside of home. (Tr. 966.) Second, it is not clear from the record or from Plaintiff's argument how attendance at counseling or therapy sessions is a physical symptom or effect of her mental condition similar in nature to those described in the regulations defining the domain of health and physical well being.

As noted by the ALJ and Dr. Moore, Plaintiff's school records depict Plaintiff as having few problems at school except for excessive absences and problems completing homework. (Tr. 40, 956.) The teacher questionnaires reflect no problem in the domain of health and physical well being, other than Plaintiff's poor attendance which one teacher noted was not due to illness. (Tr. 141, 148, 243.) In 2005, the school counselor wrote Plaintiff has a positive attitude and displays effort at school, but unexcused absences were a problem. (Tr. 195.) The school implemented an Individualized Education Program (IEP) for speech therapy to work on Plaintiff's articulation problem, but there is no evidence in the record that Plaintiff's speech problem is disabling or a result of her mental condition. (Tr. 206-11, 221-26.) The record variously mentions nonspecific gastrointestinal symptoms associated with anxiety, back pain secondary to medication, and tummy aches related to behavioral issues or constipation, but none

of these complaints were repeated and do not constitute a marked limitations in the domain. (Tr. 287, 301, 511.)

Plaintiff fails to identify specific evidence supporting the contention that the ALJ erred or failed to consider any particular physical consequence of Plaintiff's mental condition, and the court finds none. Plaintiff's other argument suggesting the ALJ and Dr. Moore failed to understand and apply the regulations and agency ruling to the domain of health and physical well being also is not supported by the record.

**3.   Domain of Interacting and Relating With Others**

Plaintiff argues the record supports a marked limitation in the domain of interacting and relating with others. (ECF No. 14 at 16.) This domain involves the ability to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. 20 C.F.R. 416.926a(i). Interacting means initiating and responding to exchanges with other people for practical or social purposes. *Id.* Relating to other people means forming intimate relationships with family members and with friends of the same age and sustaining them over time. *Id.* Some examples of limitations in this domain listed in the regulations include having no close friends of the same age; avoiding or withdrawing from people or experiences; difficulty playing games or sports with rules; difficulty communicating with others; and difficulty speaking intelligibly or with adequate fluency. *Id.* S.S.R. 09-5p notes that a child whose impairment limits the ability to interact and relate with others may have difficulty approaching other children, initiating and sustaining social relationships, and

developing meaningful relationships with others.

The ALJ found Plaintiff has a less than marked limitation in interacting and relating with others. (Tr. 46.) The ALJ cited the 2005 and 2007 teacher questionnaires which indicated no problems noted in the domain of interacting and relating with others. (Tr. 144, 240.) The ALJ also noted that Dr. Moore's testimony was persuasive. (Tr. 46.) Dr. Moore testified Plaintiff has a marked limitation interacting and relating with others at home, but no limitation at school and, therefore, assessed an overall limitation of less than marked. (Tr. 957.)

Plaintiff cites evidence that she had no friends in support of her "very serious limitations" which rise to the level of a marked limitation. (ECF No. 14 at 16.) Plaintiff told her therapist in May 2006 that she does not have close friends even though she tries to make friends. (Tr. 433.) Plaintiff testified she has problems getting along with two friends who try to get other children expelled and blame Plaintiff. (Tr. 980, 982.) Plaintiff also points to her mother's testimony that she has no friends because other parents will not allow her in their home and her extended family cannot deal with her. (Tr. 980, 982.) Plaintiff's argument is not persuasive. First, the ALJ made a properly supported credibility finding that Plaintiff's and her mother's subjective complaints regarding the extent of functional limitations are not fully credible, and Plaintiff does not challenge that finding. (Tr. 43.) This means the testimony of Plaintiff and her mother is not particularly reliable.

Second, while there is evidence in the record suggesting difficulties making friends (Tr. 433, 442, 462, 510, 544), there are also numerous references to friendships throughout the record. (Tr.

351, 376, 380, 382, 390, 387, 396, 397, 399, 406, 306, 540, 543, 560.) The ALJ's duty is to resolve evidentiary conflicts. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1985). The court cannot conclude the only reasonable resolution of the evidence is that Plaintiff lacked friends or that her difficulties with friendships rises to the level of a marked limitation. Furthermore, Dr. Moore's opinion regarding this domain is well-supported by evidence in the record. (Tr. 954-55, 957-58.) Therefore, the ALJ did not err by concluding there is a less than marked limitation in the domain of interacting and relating with others.

Although Plaintiff argues the ALJ and Dr. Moore failed to understand the regulations and agency rulings in applying the facts and assessing Plaintiff's limitations in three domains, Plaintiff fails to address the supporting evidence cited by the ALJ. The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The ALJ's findings and conclusions are supported by substantial evidence. As a result, the ALJ did not err.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error. Accordingly,

**IT IS ORDERED:**

1.  Defendant's Motion for Summary Judgment **(ECF No. 16)** is **GRANTED.**

2.  Plaintiff's Motion for Summary Judgment **(ECF No. 12)** is

**DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED June 23, 2011.

                      <u>S/ CYNTHIA IMBROGNO</u>
                  UNITED STATES MAGISTRATE JUDGE